IN THE SUPERIOR COURT OF GUAM

DAVID J. LUJAN,                      )      CIVIL CASE NO. 1472-07
                                     )
                        Plaintiff,)
                                     )
vs.                                  )
                                     )
DEBBIE QUINATA and CORY              )
QUINATA,                             )      FINDINGS OF FACT
                                     )           AND
                                     )      CONCLUSIONS OF LAW
                        Defendants.)
DEBTRALYNNE S. QUINATA, et. al.,     )
                                     )
                Counterclaim Plaintiff,)
                                     )
vs.                                  )
                                     )
DAVID J. LUJAN,                      )
                                     )
                Counterclaim Defendant.)

This matter came on for concurrent Jury and Bench Trials on July 12,13, 19, 27, August 1, 2, 3, August 15, 17, 22, 24, September 6, 11, 13, 14 and 19 before the HOMORABLE SENIOR JUDGE PRO TEMPORE ELIZABETH BARRETT-ANDERSON. David J. Lujan (hereinafter "Lujan") was present and represented by Attys. Mitch F. Thompson and Lelani Lujan. Allan Quinata and Debtralynn Quinata (hereinafter the "Quinatas") were present and represented by Atty. Curtis C. Van de veld. At the conclusion of the presentation of evidence on causes of action tried before the jury, verdicts were returned in favor of Lujan, against the Quinatas' on counterclaim causes of action brought by the Quinatas for willful trespass and nuisance. This Court now rules upon Lujan's causes of action for permanent injunction (First Cause of Action) and encroachment (Second Cause of Action).

At the conclusion of closing arguments the Court permitted the parties, if they so desired, to file proposed Finding of Fact and Conclusions of Law by December 17, 2012. Lujan submitted a Plaintiff's Proposed Findings of Fact and Conclusions of Law on December 17th.

## I.

## FINDINGS OF FACT

This complaint arises from property disputes involving adjoining landowners.

Lujan purchased two Lots (hereinafter the "Lujan properties") in an area known as Toguan, Umatac, Guam. The first property was purchased in 1991 from Priscilla A. Quinata described as:

> Lot No. 154-1NEW-2, Municipality of Umatac, Guam as said
> lot is marked and designated on that Consolidation and Parceling
> Land Registration Survey Map, recorded in the Department of
> Land Management, Government of Guam, on November 7, 1984,
> as Document No.352867.

The second property was purchased in 1999 from Tanota Partners, once owned by Rosalina Q. Nauta, described as:

> Lot No 154-1NEW-4-R1, Municipality of Umatac,
> Guam, as said lot is marked and designated on that
> Severance Map, recorded on March 3, 1988, in the
> Department of Land Management, Government of Guam,
> as Document No. 395286.

The Quinatas reside on Lot No. 154-1NEW-R4 Municipality of Umatac, Guam (hereinafter "Lot# R4"), adjacent to Lujan's properties. Lot#R4 is currently owned by the Estate of Rosita Q. Leon Guerrero, formerly Rosita Q. Aguigui. The Quinatas have lived on Lot R4 since as early as 1979, when they were given permission by Rosita to reside there. In 1987, their house burnt down, and Rosita gave them permission to reconstruct their house of tin and wood in roughly the same location as the house which they lost by fire. This Court has

heretofore opined that the Quinatas have an irrevocable license to remain on Lot R4. Decision & Order January 24, 2011.

In 1988, Rosita Q. Aguigui, and her two sisters, Rosalina Q. Nauta and Priscilla A. Quinata, granted a twenty foot easement to the purchaser-owners of Lot 154-1-New-1, Alfred R. and Lynn Saussotte across the three lots owned by the sisters. Plaintiff Trial Ex. "I". Attached to the grant was a topographic sketch of the placement of the easement across the burdened lots owned by Rosita, Priscilla and Rosalina. The Court found during trial that the 1988 easement (hereinafter referred to as the "1988 Saussotte Easement") is appurtenant to, and runs with title to Lot 154-1-New-1. Further, the properties across which the 1988 Saussotte Easement runs are forever burdened by the grant. Lujan is entitled to the benefit and the burden of the 1988 Saussotte Easement.

In 1991, Lujan obtained a second easement from Rosita Q. Aguigui and Rosalina Q. Nauta across lots owned by the two sisters for the benefit of Lot No. 154-1NEW-2, purchased in 1991 from Priscilla A. Quinata (hereinafter referred to as the "Lujan Easement"). Plaintiff's Trial Ex. "K"

Based on the 1988 Saussotte Easement and the 1991 Lujan Easement, Lujan has the right and entitlement to ingress and egress across the burdened property of the Estate of Rosita Q. Leon Guerrero, formerly Rosita Q. Aguigui, upon which the Quinatas reside, namely Lot #R4.

Beginning in mid-2007, Lujan began an effort to survey and clear the vegetation from his properties. In order to bring the needed heavy equipment onto his property, Lujan sought the approval of the Administrator of the Estates of Rosita Q. Leon Guerrero, Mr. David Leon Guerrero. Approval was given by the Administrator on September 2007. Thereafter, Lujan

contracted heavy equipment companies to begin removal of dense jungle and vegetation, as well as dumping of gravel for backfill. During this period the Quinatas obstructed Lujan's surveyor and contractors use of the easements to complete their work. As a result of the Quinatas interference and obstruction, Lujan incurred charges from his contractors and agents. Lujan paid one of his contractors, JS & Sons, Inc., the sum of $1,225.00 due to the Quinatas interference. Plaintiff's Trial Ex. "H". Lujan paid his surveyor, though his crew chief, Roy Aguilar, the sum of $1,100.00. Plaintiff's Trial Exs. "U", "V".

As a result of Lujan's survey efforts, it was discovered that the Quinatas bathroom encroaches upon Lujan's property. There was evidence the bathroom drainage is connected to a pre-existing septic tank located on Lujan's property at the time he purchased the lot. Both parties agree that the encroachment has existed for thirteen (13) years. Lujan's surveyor, Mr. Albert Moya, testified that the encroachment represented 140 square feet. Plaintiff's Trial Ex. "M". The Quinatas surveyor, Mr. Meliton Santos, testified that the total area of encroachment was 103 square feet. Plaintiff's Trial Ex. "113". This represents a difference of 37 square feet. Mr. Moya's survey is an estimate based on the fact he was prevented from coming close to the house by Debtralynn Quinata. Mr. Santos' measurement appears more accurate as he was able to specifically measure the walls and corners consisting of the encroachment. The Court finds the Santos survey more accurate, representing 10 square meters in total.

Lujan testified the Quinatas prevented him from clearing his property that encompassed the 10 square meters. Yet, Lujan instructed his workers to leave 20-25 foot un-cleared vegetation buffer zone between his clearing efforts and the Quinata house. His workers were further instructed not bother the Quinatas. There was no evidence of smell, or overflow from the septic tank. Only when Mr. Moya attempted to survey the encroachment was Lujan

prevented from using his property for purposes of completing the survey. For the most part Lujan kept the peace and maintained a reasonable buffer zone of privacy for the Quinatas as they encroached. This ten (10) square meters of encroachment, while annoying and inconvenient, did not produce any measurable injury to Lujan.

## II.

## CONCLUSIONS OF LAW

### A. Injunction.

An easement is an interest in the land of another which gives its owner the right to use anothers property. 21 GCA section 7101. The land to which the easement attaches is the dominant tenement and the land to which the burden or servitude is imposed is called the servient tenement. 21 GCA section 7103.

An easement is appurtenant when it benefits a dominant tenement. An easement is in gross when it benefits an individual. Every easement is presumed to be appurtenant unless proved otherwise by clear evidence. Lizama v. Dept. of Public Works, 2005 Guam 12, at paragraph 18.

An easement is never to be construed as in gross when it may fairly be construed as appurtenant to some other estate. Continental Baking Co. v. Katz, 68, Cal.Rptr. 439 P.2d 889, 67 Cal.2d 512 (1968); Moylan v. Dykes, 181 Cal.App.3d 561, 569, 226 Cal.Rptr. 673 (1986).

The conveyance of a dominant tenement transfers all appurtenant easements as a matter of law even if they are not specifically mentioned in the deed. 21 GCA section 4201. See St Louis v. DeBon, 204 Cal.App.2d 464, 22 Cal.Rptr. 443 (1962), In this case, the grants of easements over the estate property was appurtenant. As the Lujans are now the owners of dominant tenements, they may enforce the easement appurtenant to their lots under which Lot

154-1New-R4 is a servient tenement through an action to enjoin interference with the easement or recover damages caused by a wrongful loss of use. Keith v. Superior Court,26 Cal.App.3d 521, 103 Cal.Rptr. 314 (1972) (trial court erred in denying injunction when defendant threatened to close an existing easement). Lujan is entitled to an injunction against further interference with the use of the easement. Donnell v. Bisso Bros., 10 Cal.App.3d 38, 88 Cal.Rptr. 645 (1970).

### B. Encroachment.

The Quinatas wooden structure encroaches onto the Lujan property. Guam courts, in similar circumstances, have ordered that such encroachments be removed. In Summer Palace Homeowners Association v. Ho, 1996 WL 879437 (D.Guam.App.Div.1996), the trial courts permanent injunction directing the removal of encroaching structures was affirmed on appeal. Similarly, in Holmes v. Cassidy, 1988 WL 242558 (D.Guam.App.Div.1988), the appellate court ordered the trial court to issue a mandatory injunction requiring defendant to remove his structure which encroached.

The Lujan property is registered land. Plaintiff's Trial Ex. "O" No title adverse thereto may be acquired through adverse possession. 21 GCA section 29136. Further no unregistered interest, right, or claim shall prevail over the title of the owner of registered land. 21 GCA section 29140. The Quinatas cannot adversely possess a portion of the Lujan property.

The Quinatas assert an irrevocable license to the encroachment claim. This Court will not extend its holding of an irrevocable license to the portion of property which the Quinatas have encroached upon with their sewer and bathroom. There was no evidence that Rosalina Q. Nauta, the former owner of Lot 154-1NEW-4 ever permitted the Quinatas to utilize her underground septic tank, or to construct a bathroom on her property. There was never anything

orally or in writing from Rosalina to the Quinatas with regard to the encroachment. Furthermore, there is no evidence that Lujan ever made any representation to the Quinatas that the house which they occupy may encroach onto his property. The encroachment appears not to have been noticed by anyone in the family, not even subsequent purchasers, until Lujan discovered it in the course of enforcing his easement. The Quinatas cannot claim a license on the encroachment they did not know existed. Rosita could not grant a license to property she did not own. The Quinatas simply do not have a legal or common law basis to rely upon any license. The bathroom and sewer hookup on Lujan's property are illegal.

At closing argument heard November 13, 2012 herein, the Quinatas asserted, for the first time, the affirmative defense of agreed boundaries. However, the Quinatas failed to assert the affirmative defense of agreed boundaries in their various pleadings. Failure to timely assert such affirmative defense in a pleading constitutes a waiver of the defense. Manvil Corp. v. E.C. Gozum, 1998 Guam 20, at paragraph 16; Citizens Security Bank v. Bidaure, 1997 Guam 3, at paragraph 20.

Moreover, even if the Quinatas had timely asserted such defense, it is not applicable in this case. The proponent of such defense must establish that there was uncertainty as to the location of the boundary, and there can be no such uncertainty when the descriptions in the deeds are certain and there are government monuments, and other sources, from which to ascertain the true boundary line. Pedersen v. Reynolds, 31 Cal.App.2d 18, 25, 87 P.2d 51 (1939). In this case, the descriptions in the deeds are certain, the lots have been registered, and there was no evidence of any uncertainty as to the true location of the boundaries.

It should also be noted that, as the portion of their wooden structure which encroaches over onto Lujan's property would be deemed a continuing trespass, therefore the encroachment

claim is not untimely. See <u>Moroni v. Castro</u>, Superior Court of Guam Civil Case No.CV1004-05, Decision and Order, June 14, 2010.

The evidence is insufficient for this Court to find any measure of damages. An award of damages must be based on sufficient facts to arrive at an intelligent estimate without speculation or conjecture. <u>Guerrero v. DLB Construction Co</u>. 1999 Guam 9. Lujan offers 1999 purchase price per square meter as an appropriate measure of damages times 13 years. Lujan has not been permanently removed from his property. In fact he is seeking abatement and injunction. Damages based on purchase price is inappropriate. A landowner can be compensated for the loss of property but once, not thirteen times. Loss of use and enjoyment of land are injuries capable of repetition. The measure is, however, use not purchase price. There was no evidence as to the use value of the property, and the Court will not engage in speculation as to the value of using a neighbor's septic tank for 13 years.

Lujan is not entitled to monetary damages for the encroachment as the Court finds he has not proved sufficient injury to sustain a measure of appropriate monetary recovery.

## III. CONCLUSION

### A. Permanent Injunction.

Lujan is entitled to access encompassing the 1991 Lujan Easement for ingress and egress to Route 4 measuring 20 feet of the northern most boundary "abutting" Route 4. The Court determines that the abutment touches current and any future road pavement. Lujan is also entitled to access encompassing the 1988 Sausette Easement for ingress and egress to Route 4.

If upon survey of either easement it is found that a sliver of land exists between both easements, the Court finds that as a practical matter this sliver of land must be absorbed by both parallel easements for purposes of egress and ingress as there can be no practical or reasonable use of any sliver of land surrounded and bordered by permanent easements.

Page 8 of 9

A permanent injunction shall issue ordering defendants, and all those in active concert or participation with them, from obstructing or interfering with, in any manner, the use or other work on the access easements in question, and ordering the defendants to refrain from, and remove, any and all interference and obstruction to the end that the use of the easement be free, open and unobstructed.

Plaintiff shall recover from defendants compensatory damages in the amount of $2,325 for expenses Lujan incurred as a result of the interference by the Quinatas with agents attempting to perform work on Lujan property.

**B.      Encroachment.**

A permanent injunction shall issue ordering defendants to remove the encroaching portion of their wooden structure from plaintiffs land, and to restore plaintiffs land to its condition prior to construction of said building, within 30 days from the entry of judgment herein.

**C.      Litigation Costs.**

Under the "American Rule" each party bears their own litigation expenses, including attorney's fees. Mobil Oil Guam, Inc. v. Tendido, 2004 Guam 7; Fleming v. Quigley 2003 Guam 4.

**IT IS ORDERED,** that Plaintiff, submit a JUDGMENT consistent with the Court's Decision & Order.

SO ORDERED: _____FEB 0 4 2013_____.

HONORABLE ELIZABETH BARRETT- ANDERSON
Senior Judge Pro Tempore Superior Court of Guam

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam

FEB ( 4 )

Florence V. Rivera
Deputy Clerk Superior Court of Guam